FILED
CLERK
2:07 pm, Sep 18, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
STEPHANIE LIPPE,
                Plaintiff,

          -against-

TOTAL NUTRITION HOLDINGS LLC,
d/b/a TOTAL NUTRITION SUPERSTORES and
DANBURY PHARAM, LLC.,
                Defendants.
----------------------------------------------------------------------------X

**ORDER**
16-cv-7049 (SJF)(ARL)

FEUERSTEIN, District Judge:

I.    Introduction

Pending before the Court is the Report and Recommendation of the Honorable Arlene R. Lindsay, United States Magistrate Judge, dated August 28, 2018 ("the Report"[1])(*see* ECF No. 18), recommending that, as to the default judgment granted in Plaintiff's favor (*see* Electronic ORDER dated Feb. 1, 2018), she be awarded damages in the amount of thirty-one thousand, five hundred fifty-nine dollars and sixty-nine cents ($31, 559.69), comprising of: (1) fifteen thousand, nine hundred forty-six dollars and ten cents ($15,946.10) in back pay; (2) fifteen thousand dollars ($15,000.00) in compensatory damages; and (3) six hundred thirteen dollars and fifty-nine cents ($613.59) in costs (*see* Report at 1), and advising, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court . . . within 14 days of service" (Report at 12), and (b) that "[f]ailure to file objections within this period waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon Plaintiff's counsel on February 23,

---

[1] Terms of art defined in the Report shall be used herein, familiarity with which is assumed.

2018.¹ (*See* Notice of Electronic Filing for ECF No. 27). No objections to the Report were filed, nor was any extension of time sought to do so. (*See* Case Docket, *in universum*.) For the reasons set forth below, Magistrate Judge Lindsay's Report is accepted in its entirety.

II.     Discussion

   *A. Standard of Review*

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago Cty*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit

---

¹ As Defendants never appeared and were defaulted (*see* ECF No. 11), they were not served with the Report.

or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

    B. *Review of Report*

Since no objections to Magistrate Judge Lindsay's Report were filed, and no extensions of time to do so were sought, Plaintiffs have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court declines to exercise its discretion, in the interests of justice, to excuse the default in filing timely objections to the Report. Accordingly, the Report is accepted in its entirety.

III.    Conclusion

For the reasons set forth herein, Magistrate Judge Lindsay's Report is accepted in its entirety and, for the reasons set forth therein, Plaintiff is entitled to damages in the aggregate amount of thirty-one thousand, five hundred fifty-nine dollars and sixty-nine cents ($31, 559.69), consisting of: (1) fifteen thousand, nine hundred forty-six dollars and ten cents ($15,946.10) in back pay; (2) fifteen thousand dollars ($15,000.00) in compensatory damages; and (3) six hundred thirteen dollars and fifty-nine cents ($613.59) in costs.

Accordingly, IT IS ORDERED that the Clerk of Court enter default judgment in Plaintiff's favor in the amount of thirty-one thousand, five hundred fifty-nine dollars and sixty-nine cents ($31, 559.69) and, thereafter, close this case.

SO ORDERED this 18th day of September 2018 at Central Islip, New York.

                                                           /s/
                                      SANDRA J. FEUERSTEIN
                                      United States District Judge